IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.   Criminal Case No. 3:24cr00144

**ROGER MARCEL ROBINSON, JR.,**

**Defendant.**

### MEMORANDUM OPINION

This matter comes before the Court on Defendant Roger Marcel Robinson, Jr.'s Motion to Dismiss Count One of the Superseding Indictment as Unconstitutional Under the Second Amendment (the "Motion to Dismiss" or "Motion"). (ECF No. 28.)[1] In the Motion, Mr. Robinson contends that his indictment under 18 U.S.C. § 922(g)(1)[2] is unconstitutional both facially and as applied to him because laws that restrict a felon from possessing a firearm as a felon "violate[] his Second Amendment right to keep and bear arms." (ECF No. 28, at 1.) For the reasons articulated below, the Court will deny the Motion. (ECF No. 28.)

---

[1] The Court employs pagination assigned by the CM/ECF docketing system.

[2] Section 922(g)(1) provides:

(g) It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
\*   \*   \*
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

## I. Procedural History and Findings of Fact

### A. Factual Background

On September 6, 2024, the United States filed a Criminal Complaint against Defendant Roger Marcel Robinson, Jr., charging him with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1, at 1.) The United States also filed an affidavit in support of the Criminal Complaint (the "Affidavit"). (ECF No. 1, at 2–5.) Jason D. Elliot, a Task Force Officer with the Drug Enforcement Administration, submitted the Affidavit. (ECF No. 1, at 2.) On November 19, 2024, the United States filed a Superseding Indictment charging Mr. Robinson with the following counts: (1) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); and (2) being an accessory after the fact to a violation of 18 U.S.C. § 924(c) and (j), which is itself a violation of 18 U.S.C. § 3. (ECF No. 19, at 1–2.)

Officer Elliot's Affidavit provides details regarding the alleged offenses. The Court recounts the following allegations solely for the purpose of evaluating the Motion to Dismiss.

According to Officer Elliot, on the evening of May 24, 2024, Reginald Holmes, Jonathan Ellis, and Mr. Robinson traveled to a house in Mechanicsville, Virginia (the "Residence"). (ECF No. 1 ¶ 3.) Mr. Ellis then began cooking crack cocaine in the Residence. (ECF No. 1 ¶ 3.) While Mr. Holmes was in another room, Mr. Holmes stated in front of multiple people, including Mr. Robinson, "that Holmes 'don't even know he is going to die tonight.'" (ECF No. 1 ¶ 3.)

Later that evening, Mr. Holmes, Mr. Ellis, and Mr. Robinson left the Residence in the same vehicle. (ECF No. 1 ¶ 4.) Mr. Ellis "began acting as if he was tired and pulled to the side of the road presumably to allow [Mr.] Holmes to drive." (ECF No. 1 ¶ 4.) Early in the morning on May 25, 2024, Mr. Ellis and Mr. Holmes both exited the vehicle, and Mr. Ellis shot and killed

Mr. Holmes. (ECF No. 1 ¶¶ 3–4.) Mr. Ellis returned to the vehicle with the firearm he used to kill Mr. Holmes. (ECF No. 1 ¶ 4.) Mr. Ellis then gave the firearm to Mr. Robinson and told him to dispose of it. (ECF No. 1 ¶ 4.)

Following Mr. Holmes's murder "through at least August 1, 2024, [Mr. Robinson] was at the [Residence] on multiple occasions with the firearm . . . that he received from [Mr.] Ellis on the night of the murder." (ECF No. 1 ¶ 5.) Mr. Robinson "admitted that he had not disposed of [it] because he needed a firearm" after his girlfriend disposed of his previous firearm. (ECF No. 1 ¶ 5.)

"Before May 25, 2024, Mr. Robinson had been convicted of various felony property offenses as an adult, including grand larceny in violation of Virginia Code § 18.2-95 and entering a dwelling house with intent to commit larceny, etc. in violation of Virginia Code § 18.2-91 (several counts)." (ECF No. 28, at 3.)

**B.     Procedural History**

On September 6, 2024, the United States filed a Criminal Complaint against Mr. Robinson. (ECF No. 1, at 1.) On November 19, 2024, the United States filed the Superseding Indictment. (ECF No. 19.) On December 9, 2024, Mr. Robinson filed the Motion to Dismiss. (ECF No. 28.) The United States responded to the Motion, (ECF No. 37), and Mr. Robinson replied, (ECF No. 38.)

On December 19, 2024, Mr. Robinson submitted a Notice of Supplemental Authorities Regarding His Motion to Dismiss Under the Second Amendment. (ECF No. 29.) Mr. Robinson noted that "[o]n December 6, 2024, the Fourth Circuit reissued its decision in *United States v. Canada*, [123 F.4th 159 (4th Cir. 2024) ("*Canada II*")] holding that § 922(g)(1) is facially constitutional" and "forecloses [the] argument that § 922(g)(1) is facially unconstitutional."

(ECF No. 29, at 1.) He also reports that "on December 18, 2024, the Fourth Circuit issued *United States v. Hunt*, [123 F.4th 697 (4th Cir. 2024)] which foreclose[s] any as-applied challenges to § 922(g)(1) under the Second Amendment." (ECF No. 29, at 1.) As a result, Mr. Robinson correctly admits that "there is now controlling case law foreclosing all of [his] arguments in his motion," but "maintains his motion so that he preserves the issue for potential appeal." (ECF No. 29, at 2.)

## II.  Standard of Review

### A.  Motion to Dismiss Indictment Under Fed. R. Crim. P. 12

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Mr. Robinson raises facial and as-applied challenges to the constitutionality of § 922(g)(1), arguing that it violates the Second Amendment. (ECF No. 15, at 1.). "Fed. R. Crim. P. 12(b)(3)(B) permits a court to dismiss a defective indictment. An indictment is defective if it alleges a violation of an unconstitutional statute." *United States v. Brown*, 715 F.Supp.2d 688, 689 (E.D. Va. 2010) (citing *In re Civil Rights Cases*, 109 U.S. 3, 8–9 (1883)); *see also United States v. Hill*, 703 F.Supp.3d 729, 732 (E.D. Va. 2023).

### B.  Facial and As-Applied Challenges

"To succeed in a facial constitutional challenge, a movant 'must establish that no set of circumstances exists under which the [law] would be valid.'" *United States v. Hosford*, 843 F.3d 161, 165 (4th Cir. 2016) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)); *see Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (stating that a facial challenge can only succeed when a party shows "that the law is unconstitutional in all of its applications"). "Because of this stringent standard, a facial challenge is perhaps 'the most

4

difficult challenge to mount successfully.'" *Hosford*, 843 F.3d at 165 (quoting *Salerno*, 481 U.S. at 745).

"By contrast, '[a]n as-applied challenge requires only that the law is unconstitutional as applied to the challenger's case[.]'" *Hill*, 703 F.Supp.3d at 733 (quoting *United States v. Mgmt. Consulting, Inc.*, 636 F.Supp.3d 610, 619 (E.D. Va. 2022)). An as-applied challenge must be "based on a developed factual record and the application of a statute to a specific person." *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 172 (4th Cir. 2009) (en banc).

### III. Analysis

Mr. Robinson contends that his indictment should be dismissed because the statute under which he is indicted, 18 U.S.C. § 922(g)(1), is unconstitutional both facially and as applied. Mr. Robinson argues that § 922(g)(1) is unconstitutional as applied to him because: (1) "[t]he Second Amendment's plain text protects the right of 'the people,' such as Mr. Robinson, to keep and bear arms"; and (2) there is "no 'historical tradition,' circa 1791, of gun regulations 'distinctly similar' to § 922(g)(1)." (ECF No. 28, at 7, 15.) He suggests that *United States v. Rahimi*, 602 U.S. 680 (2024), establishes that the Second Amendment's plain text applies to him as one of the people entitled to keep and bear arms. (ECF No. 28, at 1–2.)

This Court already has carefully considered and rejected many of the arguments Mr. Robinson raises in his Motion. *See United States v. Holbert*, ---F.Supp.3d---, 2025 WL 242537 (E.D. Va. Jan. 19, 2025) (holding that under an analytical framework permissible even after *Rahimi*, existing Fourth Circuit caselaw upholding the constitutionality of § 922(g)(1) both facially and as-applied to all felons remains binding) (citing *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024) ("*Canada II*") and *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024)).

5

And as Mr. Robinson himself recognizes, the Fourth Circuit has precluded both arguments he brings.

When considering its earlier decision in *United States v. Canada* on remand, the Fourth Circuit declared 18 U.S.C. § 922(g) facially constitutional. *Canada II*, 123 F.4th at 161; *see also Holbert*, ---F.Supp.3d---, 2025 WL 242537, at *3. Shortly afterward, the Fourth Circuit declared Section 922(g)(1) constitutional as applied "without regard to the specific conviction that establish[es a felon's] inability to lawfully possess firearms." *Hunt*, 123 F.4th at 700; *see also Holbert*, ---F.Supp.3d---, 2025 WL 242537, *3. Not only did the Fourth Circuit reject the need for a "felony-by-felony" analysis, but it also deemed Section 922(g)(1) constitutional as applied under the Supreme Court's *Bruen* analysis. *Hunt*, 123 F.4th at 700–08 (holding that "neither *Bruen* nor *Rahimi* meets this Court's stringent test for abrogating otherwise-controlling circuit precedent and that our precedent on as-applied challenges thus remains binding" and that § 922(g)(1) would survive Second Amendment scrutiny even under a *Bruen* analysis); *see also Holbert*, ---F.Supp.3d---, 2025 WL 242537, *5–7 (both citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)).

This Court sees no reason to deviate from its prior analysis and instead adopts in full the reasoning previously set forth in *United States v. Holbert*, including its *Bruen* commentary. *See Holbert*, 2025 WL 242537.

## III. Conclusion

For the foregoing reasons, the Court will DENY Mr. Robinson's Motion to Dismiss. (ECF No. 28.)

An appropriate Order shall issue.

Date: 1/31/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge